```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK A. PERELMAN,

                          Plaintiff,

      -against-

VISA USA, INC.,

                          Defendant.

24-CV-9793 (JHR) (KHP)
**OPINION & ORDER
ON
MOTION TO PROCEED UNDER A
PSEUDONYM**

**KATHARINE H. PARKER, United States Magistrate Judge.**

This employment discrimination case concerns Defendants alleged failure to hire Plaintiff because of his disability, sexual orientation, and religion. Plaintiff, who is proceeding pro se, has now moved to proceed under a pseudonym instead of in his own name.

### LEGAL STANDARD

"[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam). The Second Circuit has set forth a non-exhaustive list of ten factors to consider when determining whether a plaintiff should be permitted to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). These factors include:

- Whether the case involves matters that are highly sensitive and of a personal nature;
- Whether disclosure poses a risk of retaliatory physical or mental harm to the litigant or innocent non-parties;
- Whether the disclosure prevents other harms and the likely severity of those harms;
- Whether the plaintiff is particularly vulnerable to possible harms of disclosure in light of the plaintiff's age;
- Whether the action involves a challenge to a government or private party action;

- Whether the defendant would be prejudiced if the plaintiff is permitted to proceed under a pseudonym;
- Whether the plaintiff has maintained their identity as confidential throughout the proceedings;
- Whether the public's interest is furthered by disclosure of the plaintiff's identity in light of the issues in the case; and
- Whether there is an alternative mechanism to protect the plaintiff's confidentiality.

*Id.*

## DISCUSSION

After considering all the factors, the Court finds that the motion should be DENIED. First, courts in this Circuit have found that claims of employment discrimination generally are not highly sensitive or personal in nature. *Doe v. N.Y.C. Dep't of Educ.*, No. 24 Civ. 6117 (JPO), 2023 WL 5237520, at *3 (S.D.N.Y. Aug. 15, 2023); *see also Doe v. Intel Corp.*, 786 F. Supp. 3d 576, 581-82 (S.D.N.Y. 2024); *Doe v. Sumitomo Fin. & Leasing, Ltd.*, No. 25 Civ. 4549 (MKV), 2025 WL 2171702, at *2 (S.D.N.Y. July 31, 2025). Indeed, courts have recognized that the mere potential for reputational harm does not justify granting a plaintiff anonymity. *Intel Corp.*, 2024 WL 4553985, at *3; *see also Abdel-Razeq v. Alvarez & Marsal, Inc.,* No. 14 Civ. 5601 (HBP), 2015 WL 7017431, at * 4 (S.D.N.Y. Nov. 12, 2015) ("[C]ourts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests.") Thus, this factor weighs against granting the motion.

Next, Plaintiff's claim that he may be subject to retaliation and harm is speculative. *See Doe v. Weinstein,* 484 F. Supp. 3d 90, 94-95 (S.D.N.Y. 2020) ("[P]laintiffs must base their allegations ... on more than just mere speculation.") He contends that there is a climate of targeted harassment towards individuals associated with DEI – related litigation and this gives rise to a fear of harm. But, this contention is conclusory and unsupported by any specific facts

suggesting Plaintiff himself will be targeted for bringing what is a fairly typical employment discrimination action. Similarly, Plaintiff does not offer any basis for finding that non-parties would be harmed if he is not permitted to proceed anonymously. Moreover, evidence of embarrassment or social stigmatization or economic harm do not generally warrant granting a plaintiff anonymity, particularly when Plaintiff here does not provide any factual support for fearing such harm. *See Doe v. Townes*, No. 19 Civ. 8034 (ALC)(OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020). Thus, these factors weigh against granting plaintiff anonymity. *See Sealed Plaintiff*, 537 F.3d at 190; *Roe v. City of New York*, No. 24 Civ. 7093 (MKV), 2024 WL 4404186, at *3 (S.D.N.Y. Oct. 4, 2024); *Doe v. Skyline Autos. Inc.*, 375 F. Supp.3d 401, 406 (S.D.N.Y. 2019).

Next, when the plaintiff is an adult, the fourth factor weighs against anonymity because adults are not deemed to be particularly vulnerable to possible harms of disclosure. *See e.g., Doe v. Combs,* No. 24 Civ. 9852 (JLR), 2025 WL 934380, at *4 (S.D.N.Y. Mar. 27, 2025) (slip opinion) (finding that because the plaintiff was an adult at the time of an alleged assault and did not further identify a reason why she should be treated differently than other adults who bring similar claims in their own names, this factor weighed against the plaintiff). Here, Plaintiff is a highly educated adult who carefully considered bringing this action. He did so in his own name and waited nearly a year to file the motion to proceed under a pseudonym. Thus, this factor weighs against anonymity. *Sealed Plaintiff*, 537 F.3d at 190; *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021).

As to the fifth factor, the fact that this case involves private parties weighs against anonymity because there is a significant public interest in open judicial proceedings, which

further enforce "legal and social norms." *Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019). Moreover, defendant has a substantial interest in maintaining its reputation and good name in light of the allegations. *See Skyline Autos Inc.*, 375 F. Supp. 3d at 406-407. Anonymity would impede or prejudice this interest. Additionally, courts recognize that "there is an imbalance [that] arise[s] where [a] [d]efendant must defend himself publicly while plaintiff could make [his] accusations from behind a cloak of anonymity." *Doe v. Combs*, No. 25 Civ. 1652 (LAP), 2025 WL 1993598, at *5 (S.D.N.Y. July 17, 2025) (quotation marks omitted) (alterations in original). Anonymity creates inherent asymmetry between the parties and would make it difficult to obtain witnesses and witness testimony if Defendant is not able to discuss Plaintiff's identity with witnesses. *See Skyline Autos*, 373 F. Supp. 3d at 407. Moreover, plaintiff has raised serious allegations of discrimination and fairness requires he be prepared to stand behind his allegations publicly. *See Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). Thus, the fifth and sixth factors also weigh against anonymity.

Insofar as Plaintiff filed this case in his own name and only after a year sought to proceed anonymously, his identity is already public. The cat is out of the bag. The seventh factor thus weighs against anonymity. *See Skyline Autos*, 375 F. Supp. 3d at 407.

The Court balances the next two factors to determine whether the public interest in the litigation favors disclosure of the plaintiff's identity. *See Sealed Plaintiff*, 537 F.3d at 190. The public has a significant interest in learning the details of employment discrimination cases to ensure that employers are held accountable for any discrimination and to ensure that the employment laws are not invoked for frivolous reasons. Employment discrimination is a serious matter and the public and the courts have an interest in ensuring the laws are enforced

equitably. Here, Plaintiff has filed several suits against different employers claiming in all of them that he was not hired due to various protected traits or characteristics based upon rejections received prior to being interviewed and often without interacting with any person (i.e., his online applications were rejected via email or silence). If Plaintiff were to proceed anonymously, neither the public nor the defendants in the various cases he filed would be able to learn of his multiple, copycat actions. *See id.*; *Combs*, 2025 WL 950685, at *5 (S.D.N.Y. Mar. 28, 2025); *Skyline Autos Inc.*, 375 F. Supp. 3d at 408.

The last factor relates to whether there are mechanisms to protect the plaintiff's confidentiality. In this case, the Court can issue a protective order to protect personally sensitive medical and other information that is exchanged in discovery – something done in most employment discrimination cases. Indeed, this Court has already issued such an order. A protective order ensures that a party who receives sensitive information does not use or disclose the information except for purposes of the case. This is more than sufficient to protect Plaintiff's privacy. *See, e.g.*, *Townes*, 2020 WL 2395159, at *6; *Combs*, 2025 WL 722790, at *4.

## CONCLUSION

For the above reasons, the motion to proceed under a pseudonym is DENIED.

**SO ORDERED.**

DATED: October 20, 2025
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge