UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/30/2026

MARK A. PERELMAN,

                         Plaintiff,

             -against-

VISA USA, INC.,

                      Defendant.

24-CV-9793 (JHR) (KHP)

**OPINION & ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge.**

Plaintiff Mark A. Perelman ("Plaintiff") brings this employment discrimination action against Defendant Visa USA, Inc. ("Defendant").  On February 9, 2026, Plaintiff, filed a letter requesting leave to file a motion to quash Defendant's subpoena served on the Federal Reserve Bank of New York ("FRBNY").  (ECF No. 59)  For the reasons that follow, Plaintiff's request is DENIED.

**BACKGROUND**

The Court assumes the parties' familiarity with the facts in this matter and includes the following insofar as it is relevant to resolving the instant request.  On February 3, 2026 Defendant provided notice of a subpoena to Plaintiff and served a third-party subpoena on the FRBNY, a defendant in a separate employment-discrimination action that Plaintiff is actively litigating.  Before serving the subpoena, and in an effort to obtain information about Plaintiff's employment status and mitigation efforts, Defendant requested, *inter alia*, "documents and communications related to any application for employment [Plaintiff has] submitted to any company from January 1, 2020 to the present."  Plaintiff has objected to these requests.  The

subpoena to the FRBNY requests "[a]ny and all documents and communications regarding any applications for employment" submitted by Plaintiff to FRBNY.

Plaintiff maintains that the request is facially overbroad and disproportionate to the needs of the case under Federal Rule of Civil Procedure ("Rule") 26.  Plaintiff further asserts that Defendant failed to provide meaningful advance notice before serving the subpoena. Plaintiff also represents that he has already produced documents and provided sworn testimony concerning his mitigation efforts, which, in his view, is sufficient to address any legitimate inquiry into mitigation.  Plaintiff further contends that the prejudice is heightened because FRBNY is not merely a third party, but a current litigation adversary in a separate matter.  Plaintiff therefore seeks an order quashing the subpoena or, in the alternative, limiting it to the narrow topics of application dates and job titles.

Defendant avers that the subpoena is narrowly tailored to seek relevant information, that it should be entitled to seek out this information as a result of Plaintiff's failure to provide evidence of attempts to mitigate and employment status, and that the subpoena will not burden Plaintiff within the meaning of Rule 45.

**LEGAL STANDARD**

Rule 45 permits a party to command a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."  Fed. R. Civ. P. 45(a).  The issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  The party served with the subpoena may object to the subpoena but must do so before the earlier of the time specified for compliance or 14 days after the subpoena is served.  Fed. R. Civ. P.

2

45(d)(2)(B).  The court "*must* quash or modify a subpoena that . . . fails to allow a reasonable time to comply . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . or subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3) (emphasis added).  "Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court.'"  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)); *Citizens Union of City of New York v. Attorney General of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017).

## DISCUSSION

As a threshold matter, Plaintiff's notice argument does not warrant quashing the subpoena.  Defendant represents that it provided notice on February 3, 2026 pursuant to Rule 45(a)(4), before serving the subpoena on the Federal Reserve.   In any event, Plaintiff has not shown prejudice from the timing of notice.  As of the date of Plaintiff's letter, no documents were produced in response to the subpoena, and the response deadline was extended into early March at the FRBNY's request.  Thus, unlike cases in which a lack of notice deprived a moving party of a meaningful opportunity to object to a subpoena before production occurred, Plaintiff has suffered no prejudice here as his request was filed over a month before any document was produced in response to the subpoena.  *See Applied Minds, LLC v. Guild Hall of East Hampton, Inc.* No. 24 Civ. 1465 (AT) (SLC), 2025 WL 1135657, at *4 n.2 (S.D.N.Y. Apr. 17, 2025) (finding that by virtue of serving the moving party with notice of a subpoena prior to serving the subpoena itself the procedural requirements of the Rule were met and

3

acknowledging that while the nonmoving party could have waited a few days before serving the subpoena "Rule 45(a)(4) did not require it to do so.").[1]

Federal Rule of Civil Procedure 26(b)(1) permits discovery regarding any nonprivileged matter relevant to any party's claims or defenses and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).  The same scope of discovery applies when seeking discovery from a non-party.  *See First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2d Cir. 1998); *see also Crosby v. City of New York*, 269 F.R.D. 267, 282 & n.82 (S.D.N.Y. 2010) (collecting cases).

The subpoena at issue seeks information plainly relevant to Plaintiff's claim for economic damages and to Defendant's corresponding defense that Plaintiff failed to take reasonable steps to mitigate his damages.  Plaintiff alleges that Defendant's failure to hire him caused him to suffer lost past and future earnings.   That allegation places at issue not only whether Plaintiff sought comparable employment, but also the nature and extent of those efforts.   Because Plaintiff has not produced a single application or communication with any prospective employer other than Defendant and has objected to Defendant's requests as to this information, Defendant is entitled to seek this information elsewhere.[2]  Further, the subpoena is narrowly directed to a discrete category of documents: Plaintiff's application materials and related communications concerning his efforts to obtain employment there. They do not include internal evaluations from FRBNY or any other such information that would have any bearing on Plaintiff's separate action against FRBNY nor would they demonstrate

---

[1] The cases Plaintiff cites in support of his position that notice was not meaningful are distinguishable. As Defendant notes in its opposition, in *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. 220 (W.D.N.Y. 2000) and *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000), no notice was given prior to the issuance of the subpoena.  Not so here.

[2] Defendant notes that Plaintiff has provided a list of positions to which he has applied.

some "propensity to litigate," as Plaintiff argues.  Indeed, documents reflecting those applications bear directly on whether Plaintiff undertook reasonable efforts to mitigate his alleged damages and on the accuracy of his claimed damages period.

Third-party discovery is permitted when a part seeks information relevant to a plaintiff's post-termination or post-nonselection job search where mitigation is at issue.  *See, e.g.*, *Abdelsayed v. New York Univ.,* No. 17 Civ. 9606 (VSB) (KHP), 2019 WL 2336533, at *2 (S.D.N.Y. June 3, 2019) (Parker, M.J.) ("[T]he outcome of disputes on the permissibility and scope of this type of subpoena depends on the particular claims and issues in the case, whether the subpoena targets a current or former employer, and the nature of the job, industry and impact of the subpoena on the plaintiff's employment."); *Delorenzo Spartan Sec. Servs., Inc.*, No. 18 Civ. 119 (LTS) (HBP), 2018 WL 3979597, at *2-3 (S.D.N.Y. Aug. 20, 2018) (narrowing, in constructive discharge case, scope of subpoena but permitting request for documents indicating what plaintiff had represented about the reason for his termination from the defendant).  That is especially so where, as here, the subpoena seeks to test a plaintiff's assertions about his job search using records maintained by a neutral third party.  Plaintiff's insistence that he has already supplied sufficient evidence does not foreclose Defendant from seeking corroborating materials from the FRBNY to the extent that he has produced documents concerning other applications he filed or communications he exchanged with other potential employers.  Further, Plaintiff has not demonstrated how the subpoena at issue imposes any cognizable burden of the sort identified in cases involving subpoenas to a current employer or to an employer unaware of the litigation.  *See Abdelsayed*, 2019 WL 2336533, at *2 ("Courts within the Second Circuit have recognized that drawing a present employer into a dispute

5

involving a plaintiff's prior employer can have negative effects on the plaintiff's employment. For this reason, they typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the plaintiff."), *accord Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010).  The FRBNY was never Plaintiff's employer and is, in fact, currently defending against a similar lawsuit from Plaintiff.   Thus, the risk that the subpoena will jeopardize an existing employment relationship with FRBNY is absent.  In other words, there is no indication that the subpoena will have any adverse effect on Plaintiff's current or future employment prospects.  Further, because Plaintiff has openly objected to providing the information sought, there is no less burdensome way for Defendant to acquire the requested documents and communications.

## CONCLUSION

For the foregoing reasons, Plaintiff's request is DENIED.


**SO ORDERED.**

Dated: March 30, 2026
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge