UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK A. PERELMAN,

                              Plaintiff,

          -against-

VISA USA, INC.,

                              Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2026
```

24-CV-9793 (JHR) (KHP)

**OMNIBUS OPINION & ORDER
ON
MOTIONS TO SEAL**

**KATHARINE H. PARKER, United States Magistrate Judge.**

This action arises from Plaintiff Mark Perelman's ("Plaintiff" or "Perelman") allegations that Defendant Visa USA, Inc. ("Defendant" or "Visa") discriminated against him on the basis of race, national origin, religion, sex, sexual orientation, and disability by failing to hire him, in violation of federal, state, and city law.  Several motions to redact and seal are currently before the Court:

First, on March 17, 2026, the parties filed a joint letter motion seeking to partially redact Plaintiff's Second Amended Complaint ("SAC") and to seal in their entirety certain confidential discovery materials that Plaintiff filed at ECF Nos. 77-3 and 77-4, pursuant to Paragraph 9 of the parties' Stipulation and Protective Order at ECF No. 36.  (ECF No. 78)  Plaintiff consents to sealing the self-identified demographic information of nonparty individuals, but does not consent to sealing any other information. (*Id*. at 1.)

Second, on May 4, 2026, the parties filed a joint letter motion (ECF No. 88), requesting that the Court partially seal Plaintiff's opposition to Defendant's motion for partial summary judgment (ECF No. 86), Plaintiff's statement of material facts (ECF No. 84), and Plaintiff's response to Defendant's statement of material facts (ECF No. 85).  Plaintiff does not consent to

1

the requested sealing. (ECF No. 88 at 3.)

Third, on June 8, 2026, Defendant filed a letter motion seeking leave to partially seal its memorandum of law in support of its motion to dismiss the SAC.  (ECF No. 97)  Defendant argues the portions it seeks to seal address allegations from the SAC that disclose information derived from documents containing non-public, competitively sensitive business information, as well as personally sensitive and identifying information concerning third-party individuals. Plaintiff previously consented to sealing the identifying information of the nonparties, but not to the sealing of any other information.

## LEGAL STANDARD

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted).  A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49

(2d Cir. 2019).  However, "the right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted).  "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted).  This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted).  Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

**DISCUSSION**

As a threshold matter, Defendant does not dispute that that the documents at issue are "judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment."  *Lugosch*, 435 F.3d at 126.  The question,

therefore, is whether the requested redactions and sealings are narrowly tailored such that

sealing would not offend the right to public access.  *In re New York Times Co.,* 828 F.2d 110, 116

(2d Cir. 1987) ("[D]ocuments may be sealed if specific, on the record findings are made

demonstrating that closure is essential to preserve higher values and is narrowly tailored to

serve that interest.").

The materials at issue generally fall into two categories.  First, certain proposed

redactions concern confidential recruitment and hiring policies, training materials, and related

descriptions of Visa's internal talent-acquisition processes.  Defendant argues that public

disclosure of such material "could put Visa at a competitive disadvantage with respect to

recruiting and hiring prospective employees" as they constitute "'internal analyses [and]

business strategies.'"  (ECF No. 78 at 2) (quoting *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*,

No. 21 Civ. 11003 (LTS), 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022)).  Second, certain

proposed redactions encompass personally sensitive and identifying information concerning

non-parties, including self-identified demographic information and material drawn from

resumes, interview evaluations, and performance reviews.  Defendant argues that the privacy

interests of nonparties outweigh the public's interest in disclosure when allegations would

likely cause embarrassment to third parties.  (*Id.*) (citing *Oliver Wyman, Inc. v. Eielson*, 282 F.

Supp. 3d 684, 707 (S.D.N.Y. 2017).

### A.  April 17, 2026 Motion

The SAC and its exhibits are undisputedly judicial documents entitled to the strongest

presumption of public access as the SAC is now the operative pleading and Exhibits 3 and 4

were filed in support of that pleading.

4

Visa has not made the particularized showing necessary to justify sealing the business information it identifies. Visa seeks to redact allegations and to seal Exhibits 3 and 4 in their entirety on the ground that the materials reflect non-public recruitment and hiring policies, procedures, and training materials.  But Visa's showing is largely categorical.  It states that disclosure could place Visa at a competitive disadvantage in recruiting and hiring, without explaining with specificity how disclosure of the particular passages at issue would cause concrete competitive harm.  And, the fact that materials were designated confidential under a protective order does not, by itself, overcome the presumption of public access.  *See Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F.Supp.3d 152, 155 (S.D.N.Y. 2015) ("[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document."); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." (collecting cases)).  Nor does the general characterization of the materials as "talent acquisition" information suffice where the information appears to be directly relevant to the claims and defenses in this action.  *See TileBar v. Glazzio Tiles,* 723 F.Supp.3d 164, 209 (E.D.N.Y. 2024) (denying motion to seal and finding that "conclusory statements that documents contain confidential business information are insufficient to justify sealing.") (quoting *Johnson as Tr. of Johnson Fam. Tr. v. Saba Cap. Mgmt., L.P.*, No. 22 Civ. 4915 (AT), 2022 WL 8024206, at *1 (S.D.N.Y. Oct. 14, 2022).  Finally, the sweeping sealing and redactions proposed by Visa are not narrowly tailored to preserve higher values.  Accordingly, and after careful review, the following proposed redactions in the SAC are

DENIED:

> ¶ 30(i)-(iv); ¶ 31(i)-(iii) and (v); ¶ 32(i)-(iii) (except for names of individuals which may remain redacted); ¶ 33(ii)-(iii) & nn.31-35; ¶ 34(ii) & n.46; ¶ 41(iv); ¶ 43; ¶ 50; ¶ 58; ¶ 59; ¶ 61; ¶ 66; ¶ 75; ¶ 79; ¶ 86(i) & (iv); ¶ 88; ¶ 96; ¶ 108(iii); ¶ 111; ¶ 115 (except for the redaction to the named university which may remain redacted); ¶ 117; ¶ 125; ¶ 128 & n.163; ¶ 132; ¶ 133; ¶ 136(ii); ¶ 138; ¶ 140; ¶ 141; ¶ 160; ¶ 163; ¶ 212; ¶ 221; ¶ 227; ¶ 232; ¶ 236; ¶ 241; ¶ 256; ¶ 262; ¶ 274; ¶ 277

The motion is granted, however, as to personally sensitive identifying information concerning nonparties and to information that has no discernible relevance to the claims advanced by Plaintiff . The privacy interests of nonparty job applicants and employees are weighty, and the public has little legitimate interest in learning the names or identifying demographic characteristics of individuals who are not parties to this case. *See Oliver Wyman, Inc. v. Eielson,* 282 F.Supp.3d 684 (S.D.N.Y. 2017) (granting motion to seal internal employee information and evaluations); *see also McConkey v. Churchill Sch. & Ctr.*, No. 24 Civ. 6091 (LJL), 2026 WL 1002371, at *1 (S.D.N.Y. Apr. 14, 2026) (granting motion to seal as to names of nonparties and finding that "[t]he identities of these non-parties are not relevant to the dispute, and 'third-party privacy interests justify the requested sealing and redaction of certain private information.'") (quoting *Rosario v. Community Hous. Mgt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024)).  That information may include self-identified (or presumed) race, ethnicity, gender, nationality, sexual orientation, or similar demographic information, and accompanying details that could identify the nonparty individual to whom the information pertains.  Redaction of that limited information is narrowly tailored to protect nonparty privacy while preserving public access to the substance of the parties' dispute.  Accordingly, the following proposed redactions to the SAC are GRANTED:

6

¶ 34(vi)-(vii) and n.46; ¶ 42; ¶ 44; ¶ 45; ¶ 62; ¶ 65; ¶ 74; ¶ 85; ¶ 97; ¶ 114; ¶ 118; ¶ 126; ¶ 165; ¶ 169; ¶ 171; ¶ 181; ¶ 182; ¶ 193; ¶ 194; ¶ 196; ¶ 197; ¶ 199; ¶ 203; ¶ 204; ¶ 205; ¶ 210; ¶ 211; ¶ 213; ¶ 214; ¶ 215; ¶ 220; ¶ 222; ¶ 225; ¶ 231; ¶ 234; ¶ 235; ¶ 239; ¶ 243; ¶ 246; ¶ 247; ¶ 250; ¶ 252; ¶ 254; ¶ 258; ¶ 263; ¶ 271; ; Pages 110-127: rows 1-16

As to Exhibits 3 and 4, Visa has not provided any persuasive explanation for why this information implicates "internal analyses [and] business strategies." (ECF No. 78 p. 2)  It does not explain how this information may be used by competitors or how this might be harmful to its standing in the market in terms of recruiting and hiring.  (*Id.*)  Instead it simply offers that these requests are commonly granted and proffers boilerplate language and a conclusory recitation of the standard.  At bottom, this Court is unable to make "specific, on-the-record findings," as required by *Lugosch*, "that sealing is necessary to preserve higher values." 435 F.3d at 124; *see also In re Keurig*, No. 14-MD-2542 (VSB), 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.") (internal quotation marks and citations omitted).  Moreover, Visa's request is far too broad to meet the test articulated in *Lugosch*.  Accordingly, Visa's request to seal Exhibits 3 and 4 are DENIED without prejudice.

### B.  May 4, 2026 Motion

The May 4 motion is likewise DENIED.  The filings at issue – Plaintiff's opposition to Visa's partial motion for summary judgment, Plaintiff's statement of material facts, and Plaintiff's response to Visa's statement of facts – like the SAC, are judicial documents entitled to a strong presumption of public access.  *See J.M. v. United Healthcare Insurance*, No. 21 Civ. 6958 (LGS) (2023), 2023 WL 6542179, at *2 (S.D.N.Y. Sept. 29, 2023) (finding that a motion for summary judgment, the opposition to the motion, statements of material facts, and responses to statements of material facts are all judicial documents).  They were submitted in connection

7

with motion practice seeking adjudication of claims or issues in the case, and the public interest in access is correspondingly significant. *See id*. (such documents are entitled to the highest presumption of public access).

Visa again seeks sealing based on asserted business sensitivity. (ECF No. 88 p. 2) The proposed redactions concern information that Visa characterizes as non-public recruitment and hiring policies and procedures. (*Id.*)  But Visa has once again not demonstrated that disclosure of the specific information identified in the May 4 motion would reveal proprietary strategy or other competitively harmful information in a manner sufficient to overcome the presumption of access.  The motion relies on generalized assertions that disclosure could provide insight into Visa's internal operations, hiring, and talent-acquisition strategy.  Such assertions are insufficient, especially where the challenged information bears directly on the alleged hiring practices at the center of the dispute. *See In re Parmalat Securities Litigation,* 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (noting that while courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing," the mere assertion that documents are secret or that their disclosure might result in adverse publicity does not automatically warrant sealing).   A party must make an explicit, specific showing of competitive harm.

Unlike the April 17 and June 8 motions, the May 4 motion does not identify personally sensitive demographic identifying information concerning nonparties as a basis for sealing. Because Visa has not offered a sufficient factual basis from which to make a finding that "closure is essential to preserve higher values," and because the proposed redactions would withhold information relevant to the merits from the public record, the May 4 motion is

DENIED. *Lugosch*, 435 F.3d at 120.

### C. June 8, 2026 Motion

The June 8 motion, like the April 17 motion, is granted in part and denied in part. Visa seeks to partially seal portions of its memorandum of law in support of its motion to dismiss the Second Amended Complaint. It is undisputed that the memorandum is a judicial document.

Visa's request to redact business information is denied for the same reasons as set forth above. Accordingly, Visa's request to redact the proposed portions of pages 11, 19, and 20 of the memorandum is DENIED.  On the other hand, the request is granted for the same reasons as set forth above, as to personally sensitive demographic identifying information concerning nonparties.  Accordingly, the proposed redactions on pages 3-5, 15, 16, 20 are GRANTED.

### CONCLUSION

For the above reasons, Defendant's motions to seal are GRANTED in part and DENIED in part.

**The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 78, 88, 97.**

SO ORDERED.

Dated: June 22, 2026
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

9