USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK A. PERELMAN,

Plaintiff,

-against-

VISA USA, INC.,

Defendant.

24-CV-9793 (JHR) (KHP)

**OPINION & ORDER ON MOTION TO SEAL**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On August 20, 2026 Defendant Visa U.S.A. Inc. ("Visa") filed a motion to partially seal the following items on the docket: ECF Nos. 107, 109, 107-5, 109-10, 107-8, 109-8, 109-7 (together, the "MTD Opposition Filings"). Visa contends the proposed redactions are narrowly tailored to protect "sensitive identifying information concerning nonparties." (ECF No. 110) Plaintiff has informed Visa that he consents to sealing the names and self-identified demographic information of nonparty individuals, but does not consent to sealing the nonparty evaluations. Moreover the Court has already found that the information at issue merits sealing in its Omnibus Order at ECF No. 102. Plaintiff has not filed a formal response to the motion. For substantially the same reasons as the Court noted in its previous Order and for the reasons that follow, Visa's motion is GRANTED.

## LEGAL STANDARD

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation

marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted). A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). However, "the right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly

designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

**DISCUSSION**

As a threshold matter, Defendant does not dispute that that the documents at issue are "judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 126. The question, therefore, is whether the requested redactions and sealings are narrowly tailored such that sealing would not offend the right to public access. *In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.").

The materials at issue fall into three categories. First, certain proposed redactions concern self-identified demographics of certain hired candidates and personally sensitive identifying information from applicant evaluations. The Court previously allowed for the redaction of this information at ECF No. 102. Second, Visa requests redactions of the names of Visa decisionmakers and their managers found within internal employee evaluations. The Court, likewise, permitted the closure of this information at ECF No. 102. Finally, Visa seeks sealing of nonparty applicant evaluations information which was also at issue and resolved by the Court at ECF No. 102.

After careful review of the proposed redactions, and Visa's motion, the Court once again

finds that the request is narrowly tailored to protect nonparties' "self-identified (or presumed) race, ethnicity, gender, nationality, sexual orientation, or similar demographic information" as well as "accompanying details that could identify the nonparty individual to whom the information pertains" such that the presumption of public access is outweighed by privacy concerns. (ECF No. 102 at 6) The Court further finds the proposed redactions to be in line with its Order at ECF No. 102. Closure is warranted.

**CONCLUSION**

For the above reasons, Visa's motion to partially seal the filings related to Plaintiff's opposition to the motion to dismiss the second amended complaint is GRANTED. Insofar as Plaintiff wishes to include the information sealed pursuant to this Order in a future filing, he must do so in redacted form and file a corresponding motion to seal in conjunction with such a filing.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 110.**

**SO ORDERED.**

Dated: August 26, 2026
New York, New York

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge