USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK A. PERELMAN,

Plaintiff,

-against-

VISA USA, INC.,

Defendant.

24-CV-9793 (JHR) (KHP)

**OPINION & ORDER**
**ON**
**MOTION FOR RECONSIDERATION**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On August 26, 2026 the Court issued an Order granting a motion to seal in connection with Visa USA, Inc.'s ("Visa") August 20, 2026 motion. Pro se Plaintiff filed an opposition to the motion on August 24, 2026 which the Court was unable to consider as it has not been uploaded to the public docket until August 28, 2026. (ECF No. 114) As a result, on August 27, 2026 Plaintiff filed a motion for reconsideration of the Court's August 26, 2026 Order. For the following reasons, the motion is GRANTED and the Order at ECF No. 113 is amended as follows.

**LEGAL STANDARD**

A motion for reconsideration is governed by Federal Rule of Civil Procedure ("Rule") 59(e) and Local Rule 6.3. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal citation and quotation marks omitted). The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

*Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is also justified where the moving party demonstrates "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co*., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). The standard aims to prevent a losing party from "plugging the gaps of a lost motion with additional matters." *SEC v. Ashbury Capital Partners, L.P*., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). In other words, such a motion is not an opportunity for the moving party to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P*., 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**DISCUSSION**

Visa filed its motion to seal on August 20, 2026 and Plaintiff submitted an opposition to the Pro Se Office on August 24, 2026. The Court entered its sealing order on August 26, 2026, before Plaintiff's submission had been docketed publicly and, therefore, before the Court had the benefit of considering the specific objections contained therein. *See Shrader*, 70 F.3d at 257. As a result of the Cout's inability to consider Plaintiff's opposition before issuing the August 26, 2026 Order, reconsideration is germane.

As a general matter, the Court finds that insofar as Visa's requested sealing coheres with the reasoning at ECF No. 102, such redactions may remain in place. In that Order, the Court distinguished between personally sensitive identifying information concerning nonparties, which could appropriately be redacted, and the substantive content of evaluations and other

information bearing on the merits, which remained subject to the strong presumption of public access absent a persuasive and detailed explanation to the contrary. The Court noted that the permitted redactions were "narrowly tailored to protect nonparty privacy while preserving public access to the substance of the parties' dispute," (ECF No. 102 at 6-7), and expressly declined to seal portions of the Second Amended Complaint containing nonparty evaluation material where doing so "would withhold information relevant to the merits from the public record," (*Id.* at 8-9). The same logic applies here. Accordingly, the redactions proposed at ECF Nos. 109 at ¶¶ 19(b), 36, 37, 42, 57(a),(c), 65; 107-5, 109-10; 107-8; and 109-8 remain undisturbed by this order because they do not request closure of information concerning the substance of evaluations, rather they only seek closure of demographic information of certain hired candidates and other such personal identifiers.

However, with regard to ECF No. 109-7, the Court, after additional review, finds that Visa's proposed redactions sweep too broadly without a sufficiently articulated basis for closure. As such, the proposed redactions therein are DENIED without prejudice and absent a persuasive explanation for why "closure is essential to preserve higher values," the substance of the evaluations will remain open to the public. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Insofar as Visa seeks to redact personally identifying information from this column of the chart it may do so, but the redactions must be narrowly tailored and must not include information bearing directly on the alleged hiring practices at the center of this dispute. That is, the redactions proposed at ECF No. 109 at ¶¶ 42 (except for the reference to the university), 56, 73; and in the "Review Text" column of ECF No. 109-7 are not accepted.

As to the directive for which Plaintiff seeks clarification, the Court confirms that the

directive is indeed procedural in nature. Where Plaintiff does not independently seek to seal certain information, but the sealing of that information has previously been authorized by Court Order or, following a meet and confer, the Defendant represents that the information should remain under seal, Plaintiff shall file the information under seal. Nothing in this – or in any other – directive alters the applicable burden that the party seeking to maintain information under seal bears the burden of demonstrating that sealing is warranted. *See Collado v. City of New York*, 193 F. Supp. 3d 286, 289 (S.D.N.Y. 2016) ("The party seeking to file a document under seal bears the burden of demonstrating that sealing is warranted." (citing *DiRussa v. Dean Witter Reynolds, Inc*., 121 F.3d 818, 826 (2d Cir. 1997)).

**CONCLUSION**

For the above reasons, Plaintiff's motion for reconsideration is GRANTED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 115.**

**SO ORDERED.**

Dated: September 8, 2026
New York, New York

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge