USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK A. PERELMAN,

Plaintiff,

-against-

VISA USA, INC.,

Defendant.

24 Civ. 9793 (AT) (KHP)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Mark Perelman, brings this action against Defendant, Visa USA, Inc. ("Visa"), alleging that Visa discriminated against him on the basis of race, national origin, religion, sex, sexual orientation, and disability when it did not hire or interview him for several different positions, in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 1981, the Americans with Disability Act ("ADA"), and the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL," respectively). *See generally* First Am. Compl. ("FAC"), ECF No. 29-1.[1] Visa moves for partial summary judgment on Plaintiff's retaliation claims under Title VII, the NYSHRL, and the NYCHRL. *See* Mot., ECF No. 67; *see also* Mem., ECF No. 68; Def. 56.1, ECF No. 85.[2]

Pursuant to an order of reference, the Honorable Katharine H. Parker issued a report and recommendation (the "R&R") recommending that Visa's motion be granted. *See* Order of Reference, ECF No. 9; R&R at 1, ECF No. 96. Before the Court are Plaintiff's timely objections to the R&R, *see* Objs., ECF No. 103, and Visa's response, *see* Resp., ECF No. 104. For the

[1] The Court previously granted Visa's motion to dismiss all of Plaintiff's retaliation claims other than those under Title VII, the NYSHRL, and the NYCHRL, which are the subject of the instant motion. *See* ECF No. 60 (order on motion to dismiss). Plaintiff has since filed a second amended complaint. ECF No. 77.

[2] Citations to Defendant's Rule 56.1 statement include Plaintiff's response.

reasons stated below, the Court ADOPTS the R&R in its entirety and enters judgment for Defendant with respect to Plaintiff's retaliation claims.

## BACKGROUND[3]

On December 18, 2024, Plaintiff filed this action alleging discrimination based on race, color, religion, gender, sexual orientation, national origin, and disability. *See* Compl., ECF No. 1. On February 27, 2025, Christine Lappa, Visa's President for Litigation and Competition, emailed Plaintiff to schedule a call to discuss his lawsuit. *See* Def. 56.1 ¶ 1; Lappa Decl. ¶ 6, ECF No. 71. Plaintiff and Lappa spoke the next day and discussed his *pro se* representation, the upcoming case management conference, and the potential for early resolution of the case. *See* Def. 56.1 ¶¶ 3–4. On March 21, after Lappa emailed Plaintiff to follow up, Plaintiff and Lappa spoke again about the potential resolution of Plaintiff's claims. *Id.* ¶¶ 6–7; Lappa Decl. ¶ 10. Lappa made Plaintiff a monetary offer, which he rejected. Def. 56.1 ¶ 8; Lappa Decl. ¶ 11. Plaintiff indicated that he was considering making a counteroffer and, specifically, expressed interest in speaking with someone at Visa to discuss potential consideration for a position within the company. Def. 56.1 ¶¶ 9–10. In response, Lappa stated that any settlement offer would be monetary only and would not include an offer of employment. Lappa Decl. ¶ 12.

Plaintiff contends that during the March 21 call, Lappa communicated "in substance, that because this lawsuit was happening, Visa would not consider him for future employment." Pl. 56.1 ¶ 1, ECF No. 84; Pl. Decl. ¶ 6, ECF No. 87. Specifically, Plaintiff states that he "recall[s] being told that [he] had been added to a 'do-not-hire' list as a result of filing this lawsuit." Pl. Decl. ¶ 12; *see* Pl. Dep. at 188:07–189:22, ECF No. 70-2. Lappa explains that she merely expressed that any settlement negotiated would not include an offer of employment. *See* Lappa

[3] The Court presumes familiarity with the facts pertaining to Plaintiff's retaliation claim as detailed in the R&R and, therefore, summarizes only the key facts here. *See* R&R at 2–4.

Decl. ¶¶ 12–13. Lappa additionally states that neither she nor, to the best of her knowledge, anyone else at Visa ever "requested, directed, or authorized anyone at Visa to place Plaintiff on a 'do-not-hire' or equivalent list, or to place any tags on Plaintiff's profiles on the SmartRecruiters platform instructing that he should not be hired." *Id.* ¶ 15–18; *see also* Aslaksen Decl. ¶¶ 5–14, ECF No. 72 (declaration by Visa's Vice President for Talent Acquisition stating that there is no do-not-hire or equivalent list at Visa and that she is "not aware of anyone at Visa requesting, directing, or authorizing that Perelman" be placed on a do-not-hire or equivalent list).

Plaintiff conceded during his deposition that he does not remember the "exact words" Lappa said to him during the March 21 call, nor does he have notes of their conversation. *See* Pl. Dep. at 188:07–189:22; R&R at 10. His declaration further clarifies that he used the term "do-not-hire list" in his deposition not because Lappa used those words but because that was "the way he interpreted what [] Lappa said" and "what [he] understood to have been communicated." Pl. Decl. ¶ 15; *see also id.* ¶ 6 ("I did not record the conversation and do not remember [] Lappa's exact words, but I have consistently understood her [unspecified] statement to mean that, because of his lawsuit, Visa would not consider me for future employment."). Since the call, Plaintiff has not applied for a position at Visa, in part because, after years of "rejection after rejection," he "felt like it was useless to apply anymore." Pl. Dep. 187:06–188:06.

## DISCUSSION

### I. Legal Standard

#### A. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is

apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

The Court reviews *de novo* properly raised objections to an R&R. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025). Proper objections are timely and specific. *Id.* at 359. "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 359 (quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)). Additionally, an objection "generally may not raise new arguments not previously made before the magistrate judge." *Id.*

A *pro se* party is "generally accorded leniency," and their submissions are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (quoting *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate [judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

B. Summary Judgment

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247 (emphasis in original). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict" for the nonmovant. *Id.* at 248.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact by citing specific evidence in the record. *See* Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). But, if the nonmovant bears the burden of proof at trial, the movant may satisfy its initial burden by demonstrating that the nonmovant cannot produce admissible evidence to support the existence of a triable issue of material fact. *See Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). If the movant meets its initial burden, the burden shifts to the nonmovant to establish a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citation omitted). In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmovant and draws all factual inferences in the nonmovant's favor. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997).

## II. Plaintiff's Objections

The R&R concluded that Plaintiff failed to establish that he was subject to an adverse action (namely, placement on a do-not-hire list), and, therefore, that Plaintiff failed to present a

*prima facie* case of retaliation under Title VII, the NYSHRL, or the NYCHRL. *See* R&R at 9 (analyzing Title VII); *id.* at 16 (analyzing NYSHRL & NYCHRL); *see also Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 70, 76–77 (2d Cir. 2015). Plaintiff objects to the R&R, arguing that there is a triable issue as to whether Visa placed him on a do-not-hire list after he filed this lawsuit. *See* R&R at 10–11; Objs. ¶¶ 3–11. The Court agrees with Judge Parker.

First, Plaintiff argues that the "R&R does not appear to have separately analyzed Plaintiff's sworn declaration in its merits discussion." Objs. ¶ 5. Reviewing the R&R *de novo*, the Court overrules this objection. The R&R considered Plaintiff's declaration. *See* R&R at 3 (referring to Plaintiff's declaration as factual background). The R&R concluded, however, that based on all of Plaintiff's statements in the record, his testimony about his conversation with Lappa was not based on what Lappa actually said but his subjective impression of the call. *See* R&R at 10–11; *see id.* at 14 ("[W]ithout any concrete recollection of what was said or any other evidence supporting his testimony, Plaintiff cannot articulate more than a subjective feeling about what []Lappa expressed."). Plaintiff's declaration confirms rather than undermines this analysis by explaining that Plaintiff's deposition testimony recounted "the way [he] interpreted what []Lappa said" and "what [he] understood to have been communicated," without offering any details about what Lappa said. Pl. Decl. ¶ 15; *see also id.* ¶ 6.

Second, Plaintiff argues that the R&R improperly discredited his testimony and made a credibility determination based on two conflicting accounts of the March 21 call. *See* Objs. ¶¶ 3–4, 6, 15–16, 18–20. Not so. The R&R fully credited Plaintiff's account of the call but concluded that because Plaintiff does not recall what Lappa said (or have any notes or recordings of the call), and because nothing else in the record suggests that Visa refused to hire Plaintiff because of this lawsuit, the only evidence of a potential adverse action is Plaintiff's subjective

interpretation of Lappa's comments. *See* R&R at 10–14. Considering the record as a whole, the R&R correctly held that Plaintiff's unsupported interpretation is insufficient to create a genuine dispute of fact. Relatedly, the R&R did not credit Lappa's declaration over Plaintiff's. After all, "it can be true both that []Lappa said one thing and Plaintiff interpreted it as something else." Resp. at 9. In sum, Judge Parker did not err in holding that Plaintiff's testimony and declaration, taken as true, are insufficient for a reasonable jury to find that Visa placed Plaintiff on a do-not-hire list because of this lawsuit. *See Gahfi v. New York City Dep't of Educ.*, No. 23 Civ. 1782, 2026 WL 141907, at *2 (E.D.N.Y. Jan. 20, 2026) ("There is no genuine issue of material fact 'where the record taken as a whole could not lead a rational trier of fact to find for' plaintiff." (citation omitted)); *see also Anderson*, 477 U.S. at 256 (requiring the plaintiff to marshal "concrete evidence from which a reasonable juror could return a verdict in his favor").

Third, Plaintiff argues that the R&R placed "undue emphasis" on the lack of documentary evidence corroborating Plaintiff's impression that he was placed on a hiring backlist or that his lawsuit foreclosed his candidacy. *See* Objs. ¶¶ 31–32. Reviewing the R&R *de novo*, the Court overrules this objection. On a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the nonmoving party," giving "credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). This exercise requires considering the full record.[4] Judge Parker properly considered all evidence adduced by Plaintiff. *See* R&R at 10–11. Reviewing Plaintiff's objection *de novo*, the Court agrees with Judge Parker's conclusion that, aside from Plaintiff's

[4] The R&R held that Federal Rule of Civil Procedure 56(d) is not a basis to deny Visa summary judgment and stated that "this Court has managed discovery in this matter and finds that Plaintiff had a full and fair opportunity to develop facts related to his retaliation claim[s]." R&R at 6–8.

impressions of what Lappa said, there is no evidence that Visa took a materially adverse action against Plaintiff. *See id.* Even with the benefit of discovery, Plaintiff has not shown that, for example, his profile was tagged in Visa's internal recruiter system, or that Lappa or anyone else at Visa, commented on or directed another to refuse Plaintiff's candidacy for an open role. *See* Lappa Decl.; Aslaksen Decl. In sum, Plaintiff has no actual knowledge of adverse action taken against him, and the only purported evidence that Visa took an adverse action is speculation based on his subjective interpretation of unspecified statements Lappa made to him in the context of settlement negotiations. Because courts must consider the full record in determining whether Plaintiff has presented a triable issue, the R&R did not err in considering the lack of documentary evidence in evaluating whether a reasonable jury could rule in his favor.

Fourth, Plaintiff argues that Judge Parker wrongly discounted his testimony because it is admissible under Federal Rule of Evidence 602. *See* Objs. ¶¶ 10–12, 15. Reviewing the R&R *de novo*, the Court overrules this objection as irrelevant, because the R&R did not rule that Plaintiff's testimony was inadmissible. *See* R&R at 10–11. Rather, as already stated, Judge Parker credited Plaintiff's testimony but held that "[w]ithout any concrete recollection of what was said or any other evidence supporting his testimony," Plaintiff "failed to articulate a genuine dispute of material fact" as to whether Visa took adverse action against him. R&R at 14.

Finally, Plaintiff argues that the R&R erred by dismissing the NYSHRL and NYCHRL retaliation claims "for substantially the same reasons" as the Title VII claim, without separately analyzing the claims. *See, e.g.*, Objs. ¶ 51. Reviewing the R&R *de novo*, the Court overrules this objection because the R&R separately analyzes Plaintiff's claims under each statute. Although the NYSHRL and NYCHRL are more plaintiff-friendly than Title VII in certain respects, *see Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122–23 (2d Cir. 2024), they each

require that the defendant take an action "that would be reasonably likely to deter a person from engaging in protected activity," *Kerman-Mastour v. Fin. Indus. Regul. Auth., Inc.*, 814 F. Supp. 2d 355, 373 (S.D.N.Y. 2011). The R&R applied this standard and held that Plaintiff had not sufficiently shown that Visa engaged in any conduct that was reasonably likely to deter a person from engaging in protected activity. *See* R&R at 15–16. Plaintiff does not otherwise object to the R&R's analysis under NYSHRL and NYCHRL, and the Court finds no clear error in Judge Parker's thoughtful analysis. *See Nambiar*, 158 F.4th at 359.[5]

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R and ADOPTS the R&R. Summary judgment is GRANTED to Visa with respect to Plaintiff's retaliation claims.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 67.

SO ORDERED.

Dated: October 21, 2026
New York, New York

ANALISA TORRES
United States District Judge

[5] Plaintiff likewise does not object to the R&R's conclusion that telling Plaintiff a settlement offer would not include an offer of employment is not adverse treatment under *Burlington Northern & Santa Fe Railway Company v. White*, 548 U.S. 53 (2006). *See* R&R at 13; Objs. ¶ 45 ("Plaintiff never claimed that settlement-scope limitation was itself the retaliation."). The Court finds no clear error in Judge Parker's reasoning and, therefore, adopts the R&R as to this point.